## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**                    **CR-16-406-R-1**

Defendant**: KIRK FELGENHAUER**                     S.S.#-------9075

        AKA:Felgenhauer, Kirk Charles;
            Felgenhauer, Kirk Wayne;
            Felgenhawver, Kirk;
            Felgenhaur, Kirk;
            Felgenhawer, Kirk
------------------------------------------------------------------------
### JUDGMENT AND PROBATION/COMMITMENT ORDER
------------------------------------------------------------------------
        In the presence of the attorney for the government, the defendant
appeared in person, on:_____October 17, 2016_____
                       Month / Day / Year

COUNSEL:_XX_ WITH COUNSEL____Richard Goldman, DFPD_____

_X_PLEA:
        _X_GUILTY, and the Court being satisfied that there is a factual
basis for the plea.
        _____NOLO CONTENDERE          _____NOT GUILTY

FINDING:
        There being a FINDING of _X_ GUILTY, defendant has been convicted
as charged of the offense(s) of:   Possession of Fifteen or More
Unauthorized Access Devices, Aiding and Abetting in violation of 18
U.S.C. **§§** 1029(a)(3),2(a) as charged in count four of the five-count
Indictment; Aggravated Identity Theft, Aiding and Abetting in violation
of 18 U.S.C. **§§** 1028A(a)(1),2(a) as charged in count five of the five-
count indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
      The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the
contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to
the Sentencing Reform Act of 1984, it is the judgement of the court the defendant hereby committed
to the Bureau of Prisons to be imprisoned for a term of:

        **Thirty-four (34) months.**  This term consists of twenty-four (24)
        months on count four of the five-count Indictment, and ten (10)
        months on count five of the five-count Indictment, to be served
        consecutively.

        Upon release from imprisonment, the defendant shall be placed on
supervised release for a term of three (3) years.  This term consists
of three (3) years on count four of the five-count Indictment, and one
(1) year on count five of the five-count indictment, all such terms to
run concurrently under the following terms and conditions:

1)    The defendant shall comply with the rules and regulations of the
      United States Probation Office, General Order 05-02, and General

**-- GO TO PAGE TWO --**                              _____CL_____
                                                      Deputy Clerk

**U.S.A. V. KIRK FELGENHAUER**                  **CR-16-406-R-1**

**-- CONTINUED FROM PAGE ONE --**               **PAGE TWO**

==========================================================

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

==========================================================

Order 01-05, including the three special conditions delineated in General Order 01-05.

2) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3) The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4) During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5) The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

6) As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

7) During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

8) The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than his true legal name without the prior written approval of the Probation Officer.

**-- GO TO PAGE THREE --**               _____**CL**_____

                                                      Deputy Clerk

**U.S.A. V. KIRK FELGENHAUER**                                          **CR-16-406-R-1**
**-- CONTINUED FROM PAGE TWO --**                                      **PAGE THREE**
===========================================================
### JUDGMENT AND PROBATION/COMMITMENT ORDER
===========================================================

9)   The defendant shall cooperate in the collection of a DNA sample from the defendant.

10)  The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

11)  The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or Probation Officer, of the defendant's person and any property, house, residence, vehicle, papers, and effects upon reasonable suspicion concerning a violation of a or condition of supervision or unlawful conduct by the, or by any Probation Officer in the lawful discharge of the officer's supervision functions.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant to provide all necessary treatment, which may include the 500 Hour Drug Program.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $200 which is due immediately.

IT IS FURTHER ORDERED that the defendant shall pay restitution in the total amount of $1,044.95 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|--------|--------|
| Kohl's | $1,044.95 |

**-- GO TO PAGE FOUR --**                                  _____CL_____
                                                            Deputy Clerk

**U.S.A. V. KIRK FELGENHAUER**                           **CR-16-406-R-1**
**-- CONTINUED FROM PAGE THREE --**                        **PAGE FOUR**
========================================================
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
========================================================

IT IS FURTHER ORDERED that restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $100, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

IT IS FURTHER ORDERED that Defendant shall comply with General Order No. 01-05.

IT IS FURTHER ORDERED that all fines are waived as it is found that such sanction would place an undue burden on the defendant's dependents.

IT IS FURTHER ORDERED that in the interest of justice all remaining counts as to this defendant are dismissed.


Signed by:            District Judge _____
                                    **MANUEL L. REAL**


                                    Kiry Gray, Clerk of Court
Dated/Filed: <u>October 18, 2016</u>    By  /s/ Connie Lee
             Month / Day / Year        Connie Lee, Deputy Clerk


It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment

Order to the U.S. Marshal or other qualified officer.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date

Deputy Marshal


**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____
Filed Date

Deputy Clerk


**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
Defendant                                              Date


_____          _____
U. S. Probation Officer/Designated Witness                Date